Lott, Senator.
The charge of the judge on the trial in reference to the due bill of Hoyt for $78,'and the note of Pierson for $312, was I think correct, The mechanic is entitled to a recovery of his debt out of the moneys due by the owner to his contractor tinder the contract, without reference to the general dealings between them. The statute intended to provide a certain fund out of which the claims of the workmen should be paid, and the moneys agreed to be paid to the contractor are *526 made applicable to that object. That fund can only be reduced by payments bona 'fide made. It is reasonable to suppose that every person doing work or furnishing materials to a building, has reference'to the price or sum agreed to be paid to the contractor, and the times and terms of payment; and it would defeat the object and intention of the statute to allow a general debt to be set off against the amount payable under the contract. The person holding the lien cannot I think be considered as an assignee of the claim, subject to all the equities between the parties. When the amount claimed to be due from the contractor is adjusted and ascertained, the owner is required to pay the same, if it is not paid by the contractor himself within ten days thereafter, and it may be recovered from the owner in an action for money had and received to the use of the creditor, and to the extent in value of any balance due by the owner to his contractor under the contract, at the time of the first notice, or subsequently accruing to such contractor. The rights of the party to the fund become fixed at the time the notice of claim is served. All moneys then in the hands of the owner, due or subsequently accruing, sufficient to pay the claim, are held for the use and benefit of the claimant. (Sess. L. of 1830, p. 412, 413, §§ 1 to 4: Sess. L. of 1832, p. 181.)
I concur in opinion with the supreme court, however, and for the reasons given by them, that' the court of common pleas erred when they told the jury that if Miner discharged Hoyt wrongfully, he [Miner] would not be responsible for the subsequent payments, but would be .responsible only fm' the amount which Hoyt could have made. Considerable testimony was given on both sides as to the extent and value of the work to be done, and I think the fair intendment of the charge is, that the jury had a right, in ascertaining the amount due to the contractor, to take into consideration what Hoyt would have made. And I cannot agree with the counsel for the plaintiff in error, that “ the remark of the- learned judge was a mere abstract proposition, made without reference to any testimony in the case.” But even if it were, this would not alter the question. The tendency of the remark was to mislead the jury in ascer *527 taining whether there were airy moneys due from the defendant, out of which the plaintiff was entitled to.payment; and certainly, if the learned judges of the supreme court have arrived at the conclusion that “several of the questions addressed to the witnesses appear to have been allowed by the court below on the assumption that the plaintiff might fix a lien on the unliquidated damages supposed to be due by the defendant, in consequence of his preventing D. Hoyt’s going on after the fire and completing the contract,” it may well be presumed that the jury,from the course of the trial, and the remark of the judge on that subject, have acted on the same assumption.
The testimony of D. Hoyt was in my opinion properly admitted. After the release, he certainly was not interested in favor of the plaintiff. He was discharged from all liability for the amount, and a recovery by the plaintiff would be of no advantage to him. The learned judge who delivered the opinion of the supreme court, however, appears to consider that he was still incompetent, on the ground that “the effect of bis failure to show a fund adequate to the payment of his demand, would be to bar the witness pro tanto in any suit he might afterwards bring in his own name for the same funds.” If that be conceded, it is equally true that, if a fund adequate to the payment is shown, he would then be barred from the recovery of it.
It is contended, however, that the effect of the release to D. Hoyt was to discharge all claims on the defendant. I think not. The plaintiff, on the non-payment of the amount due him, as adjusted and ascertained, had a right to the fund, which could be enforced by action against the owner. Besides, the release in terms reserves his right to recover the claim against Miner, and declares that it shall not prejudice the claim, but only release the witness from all personal liability. It is manifest, therefore, that it was "not intended to operate as a release of the defendant, and it will be construed according to the intent of the parties. (Stewart v. Eden, 2 Caines' Rep. 121; Lyman v. Clark, 9 Mass. Rep. 235.)
Upon the whole, I am of opinion that the judgment of the supreme court should be affirmed on the ground above stated.
*528 Sherman, Senator.
Hoyt was a competent witness on being released, but I concur most fully with the opinion given by Mr. Justice Cowen as to the effect of this release, provided it was pleaded puis darrein continuance. We have nothing to do with that question, however, although I cannot omit to remark that should this defence be properly set up, it could not but prove fatal to the plaintiff’s right of recovery.
I think the supreme court erred, however, in relation to the question of set-off. The act of April 20th, 1830, gives to the person who shall have complied with its conditions, a lien upon any payments due or to become due according to the terms of the contract. And the person who applies in pursuance of the act, it would seem, ought not to be defeated of his lien byany transactions between the owner and the contractor, other than such as shall be equivalent to a bona fide payment on the contract. The principle of set-off is in my judgment wholly inapplicable. The lien is not to be lost because there was an old balance due to the builder from the contractor. Nothing short of actual payments made upon and expressly applicable to the contract, can operate to deprive the party of his statutory lien. This, it appears to me, is a construction of the statute due alike to the terms used in it, and the manifest object of its framers.
I am therefore in favor of reversing the judgment of the supreme court.
On the question being put, “ Shall this judgment be reversed ?” the members of the court voted as follows:
For affirmance: Senator s'Bacizvs, Bartlit, Lester, Lott, Mitchell, Platt, Rhoades, Scott, Scovil, Smith and Varían—11.
For reversal: Senators Johnson, Lawrence, Porter and Sherman—4.
Judgment affirmed.